(123 So. 277)

### SHADDIX v. STATE. (8 Div. 828.)

Court of Appeals of Alabama. June 29, 1929.

E. O. McCord & Son, of Gadsden, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

BRICKEN, P. J. This prosecution was for seduction charged by indictment duly returned by the grand jury. The alleged injured party was Lula Brown, an unmarried woman at the time of the alleged commission of the offense, though at the trial of the case the evidence showed that she had subsequently married. This witness testified that she first met appellant on the third Sunday in March, 1923; that she had never known him before that time; and that on the same day she met him she went with him to a singing at Forest Home Church, some three miles distant from her home; that "on the first Sunday in July, 1923, defendant asked her to live with him; that she told him yes." And, upon further questioning, she testified: "Asked her to live with him and be his wife, that it was to be the third Sunday in August. That they had sexual relations the third day of August, at night in a buggy along the public road and while on their way home from Red Apple Church, and that this was the only time she ever had sexual intercourse with him." Upon this testimony the conviction of the defendant was had.

The statute provides, and in this case the trial court properly charged the jury, that a conviction for seduction cannot be had on the uncorroborated testimony of the woman upon whom the seduction is charged. The court said: "If there was no testimony in the case except that of the prosecutrix, what she said herself, then the defendant could not be convicted. The law is it must be corroborated by the testimony of some other witness with reference to some material fact connecting the defendant with the commission of the crime."

The first inquiry in this case is, Was there a promise of marriage? The state relied upon a promise of marriage only as the inducement or means employed by defendant, or the moving cause which prompted the prosecutrix to the surrender of her chastity. The only evidence in this case as to a promise of marriage was that of the prosecutrix, and there was no evidence adduced upon this trial which corroborated or tended to corroborate her testimony on this material inquiry. The next inquiry, Did the defendant have sexual intercourse with the prosecutrix on the night of August 3, 1923, as testified to by her? If there was a reasonable doubt as to either of these propositions, there could be no conviction, and, as the evidence was in conflict as to both propositions, jury questions were presented, and it was for the jury to determine from the evidence as to both propositions, provided there was some evidence of some other witness or witnesses to corroborate the prosecutrix in these insistences. A well-settled rule of evidence is for the court to determine if there is any evidence upon a given proposition, and, if so determined, the weight or probative force thereof is for the jury. After a careful attentive reading and consideration of all the evidence adduced upon this trial this court has failed to find any evidence of any witness tending in the least to corroborate the prosecutrix upon either of these material propositions, and there is a total lack of evidence, other than that of the prosecutrix, which tends to connect this appellant with the commission of the act complained of. There was some evidence tending to show that at the time of the alleged commission of the offense the woman (prosecutrix) was unchaste. Several witnesses testified as to her having sexual intercourse with several other men prior to the alleged intercourse here complained of. There was some evidence of other lewd conduct upon the part of the prosecutrix; and also some evidence that her general character for chastity was bad at that time. These controverted propositions were for the jury, provided, as stated, there had been some evidence tending to corroborate that of the prosecutrix as to some material question connecting the accused with the actual commission of the offense charged. We find no such evidence in this record. Evidence of his mere association with the prosecutrix on one or more occasions involving no improper conduct or relations between the parties is not, as a matter of law, corroboratory evidence as to a material fact connecting the accused with the commission of the offense charged, and such evidence cannot be so regarded by the court or the jury. The reasonable probabilities of defendant's innocence are too numerous to permit this conviction to stand. For the error in overruling defendant's motion for a new trial the judgment of conviction, from which this appeal was taken, is reversed and the cause remanded. Vowell v. State, 20 Ala. App. 322, 101 So. 780; Maske v. State, 19 Ala. App. 75, 95 So. 204; Davis v. State, 18 Ala. App. 482, 93 So. 269; Herbert v. State, 201 Ala. 480, 78 So. 386; Pope v. State, 137 Ala. 56, 34 So. 840; Dill v. State, 18 Ala. App. 187, 89 So. 866; Carney v. State, 79 Ala. 14.

Reversed and remanded.