STATE OF NEBRASKA, APPELLEE, v. TERRENCE OWEN COLLINS, APPELLANT.

180 N. W. 2d 687

Filed October 30, 1970. No. 37548.

E. Dean Hascall of Hascall, Campbell & Reagan, for appellant.

Clarence A. H. Meyer, Attorney General, and Bernard L. Packett, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

BOSLAUGH, J.

The defendant appeals from a conviction for unlawful possession of methamphetamine hydrochloride, a stimulant drug, in violation of section 28-499, R. S. Supp., 1969.

The defendant was arrested as he was leaving the post office at Bellevue, Nebraska, after he had accepted delivery of a package containing approximately 4,000 tablets. The package which had been shipped by air mail parcel post had been sealed with tape, but the tape had been broken in transit. When the package arrived at the post office, the contents of the package were visible.

After the package arrived at the post office, the assistant postmaster, who was the officer in charge, notified the postal inspector. Shortly thereafter, a state patrolman and a federal narcotics agent arrived at the post office. In the presence of the assistant postmaster and while the package was in his custody, one tablet was removed and a test performed which indicated that

the tablet contained amphetamine. The contents of the package were then replaced.

About 1 hour later the defendant appeared at the post office and asked if there was a parcel for him. The package was delivered to the defendant, and he was apprehended as he was carrying the package out of the post office.

The defendant's principal contention is that there was an illegal search of the package and that his later arrest and search was illegal because it was based upon information disclosed by the illegal search of the package. The record does not sustain this contention.

The package was subject to inspection because it was sent by parcel post. See, 39 U. S. C. A. §§ 4057, 4301; 39 CFR § 117.1; Santana v. United States, 392 F. 2d 854. However, the package had become unsealed in transit so that it was unnecessary to open the package to see what it contained. Objects which are in plain view are subject to seizure by an officer who has a right to be in the position to have that view. State v. Dillwood, 183 Neb. 360, 160 N. W. 2d 195. The assistant postmaster had been instructed by the former postmaster to watch for a package addressed to the defendant. When the package arrived he notified the postal inspector who, in turn, notified the federal narcotics agent. The inspection and examination of the contents of the package were made at the post office in the presence of the assistant postmaster. The record does not show an illegal search of the package.

The package was addressed to the defendant and carried the notation: "WILL CALL." It contained a note addressed to the defendant from "Glen" which indicated that code words should be used in future conversations. The defendant's billfold contained a card with the name and address of Glen E. Todd, the shipper, written on it. The evidence was sufficient for the court to conclude that the defendant knew what the package contained at

the time he accepted delivery of it at the post office. State v. Faircloth, 181 Neb. 333, 148 N. W. 2d 187.

The judgment of the district court is affirmed.

AFFIRMED.