2 Ill. App.3d 903 (1971)
274 N.E.2d 125
THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee,
v.
JEFFREY MICHAEL ACKERMAN, Defendant-Appellant.
No. 70-187.
Illinois Appellate Court  Third District.
October 4, 1971.
Gerald M. Werksman, of Chicago, for appellant.
Henry D. Sintzenich, State's Attorney, of Macomb, for the People.
Judgment reversed.
Mr. JUSTICE STOUDER delivered the opinion of the court:
*904 This is an appeal by Jeffrey Ackerman, Defendant, from his conviction and sentence for the offense of possession of 140 tablets more or less or less of LSD in violation of Ill. Rev. Stat. 1969, ch. 111 1/2, pars. 802(c) and 807(c). Defendant was found guilty by a jury and sentenced to 30 days in the county jail by the circuit court of McDonough County.
The facts which are the basis of this prosecution are substantially undisputed. On the morning of April 9, 1970, the postmaster of the Macomb, Illinois post office noticed that a package wrapped as a book rattled when shaken. He called the sheriff and in the presence of the sheriff and a deputy sheriff the package was opened. Inside the package was a book with its pages glued together and inside the pages was a cut out section containing about 140 pills identified by a test conducted on the spot as LSD. The package was rewrapped for delivery in due course. The package was addressed to Gary Lang, % Jeffrey Ackerman, 916 Henninger, Macomb, Illinois. Neither the name nor the address of the sender appeared on the package. Henninger Hall is a dormitory of Western Illinois University at Macomb and the defendant, a Western Illinois student, resides at Room 916 in such Hall. No student named Gary Lang is registered at Western Illinois University.
After ascertaining that the package would be delivered at about noon, the sheriff, deputy sheriff, postal inspector and agent of the Illinois Bureau of Investigation set up a surveillance of the first floor of Henninger Hall. At about 2 P.M. the defendant came into Henninger Hall, went to his mail box and withdrew therefrom a notice that there was a package for him. He went to the counter where packages were ordinarily delivered, presented his notice, received the package, signed a receipt therefore, put the package under his arm and headed for the elevator. While so proceeding he was stopped and arrested. The package, previously opened and examined in the post office, was taken from him.
Defendant testified that he returned to Henninger Hall to get a notebook for his next class and that he had received the package as described and that he had the package under his arm when arrested. However he denied that he knew what was in the package, that he had ordered any such package, that he knew where the package had come from and that he did not know any Gary Lang.
On appeal defendant argues as one of several points, that the trial court erred in failing to direct a verdict in his favor because there is an absence of evidence from which it may be reasonably inferred that he had "knowing" possession of a dangerous drug.
 1 It is well settled that knowledge is an essential element in the chain of proof of the crime of possession of narcotics. (People v. Mills, 40 Ill.2d 4, 237 N.E.2d 697 and People v. Truelock, 35 Ill.2d 189, 220 N.E. *905 2d 187.) Ill. Rev. Stat. 1969, par. 4-2, ch. 38, defines voluntary possession in the following language, "Possession is a voluntary act if the offender knowingly procured or received the thing possessed or was aware of his control thereof for a sufficient time to have been able to terminate his possession." Possession as so described is an essential element of the offense of possession of a narcotic or dangerous drug. People v. Mills, supra.
 2 As observed in People v. Galloway, 28 Ill.2d 355, 192 N.E.2d 370, "* * * the element of knowledge is seldom susceptible of direct proof, * * *" the Court further indicating that in a narcotic case knowledge sufficient to convict a person "... may be proved by evidence of acts, declarations or conduct of the accused from which it may be fairly inferred that he knew of the existence of the narcotics at the place where they were found." See People v. Mack, 12 Ill.2d 151, 145 N.E.2d 609.
The State insists there is sufficient evidence from which knowledge may be inferred under the authority of People v. Mack, supra and People v. Embry, 20 Ill.2d 331, 169 N.E.2d 767. A review of the Mack and Embry cases reveals factual situations substantially different from the facts in the case at bar. Consequently the application of the general rules in those cases offers no particular support for the position of the State in this case.
In People v. Jackson, 23 Ill.2d 360, 178 N.E.2d 320, the Court declared, "The State would have us extend the Mack doctrine by holding that suspicious behavior in the vicinity of narcotics is proof not only of knowledge of their presence, but of all of the other elements of criminal possession as well. This we cannot do, however reluctant we may be to disturb the determination of the trier of facts in narcotics cases."
In People v. Mosley (Ill. App.2d), 265 N.E.2d 889, a recent case dealing with this problem, the court held that presence of marijuana in the trunk of a car without other evidence relating such presence to some conduct of the defendant other than his occupancy of the car as a passenger was insufficient to give rise to any fair or reasonable inference of knowledge or possession.
 3 In applying the foregoing authorities to the facts in the case at bar it is our opinion that the evidence fails to show acts, declarations or conduct which fairly support any inference of knowledge by defendant that the package contained LSD. In this respect the State itself refers to defendant's conduct as suspicious or not normal, characterizations which are difficult to justify from the evidence at best and insufficient to support the burden imposed upon the State. All the evidence shows is that defendant received a package in the course of normal mail delivery and placed *906 the package under his arm for about five seconds. Such evidence is of little more probative value than the evidence of the discovery of the LSD in the package in the post office.
In view of our conclusion that the evidence is insufficient to support the conviction it is unnecessary to consider the other assignments of error.
For the foregoing reasons the judgment of the circuit court of McDonough County is reversed.
Judgment reversed.
ALLOY, P.J., and SCOTT, J., concur.