Terrence Owen COLLINS, Petitioner,

v.

Charles L. WOLFF, Jr., Warden, Nebraska Penal Complex, Respondent.

No. CV71-0-261.

United States District Court,
D. Nebraska.

Jan. 7, 1972.

E. Dean Hascall, Bellevue, Neb., for petitioner.

Bernard L. Packett, Lincoln, Neb., for respondent.

### MEMORANDUM

DELEHANT, Senior District Judge.

Petitioner has applied for a writ of habeas corpus. Having been found guilty of possession of a stimulant drug, he is presently serving a two year sentence in the Nebraska Penal and Correctional Complex. Petitioner was tried and sentenced by the District Court of Sarpy County, Nebraska. Petitioner made a timely motion for a new trial in the Sarpy County District Court. The motion was overruled on the 24th day of October, 1969.

Upon timely appeal to the Supreme Court of the State of Nebraska, the action of the District Court of Sarpy County was affirmed. State of Nebraska v. Collins, 186 Neb. 50, 180 N.W.2d 687 (1970).

Certiorari was denied by the United States Supreme Court. Collins v. State of Nebraska, 403 U.S. 909, 91 S.Ct. 2217, 29 L.Ed.2d 685 (1971).

Since the Supreme Court of Nebraska has already ruled directly on the issues now before this court, said issues are not to be relitigated in a proceeding under the post-conviction act §§ 29–3001 to 29–3004 R.S.Supp.1967. See Kennedy v. Sigler, 397 F.2d 556 (C.A. 8th Cir. 1968); Davis v. Sigler, 415 F.2d 1159 (C.A. 8th Cir. 1969). Petitioner has thus exhausted his state court remedies as required by 28 U.S.C.A. § 2254.

An evidentiary hearing was held by this court on July 7, 1971 wherein evidence was submitted and arguments heard relative to issues before the court. The matter now stands ready for determination.

Petitioner states the following as grounds for federal habeas corpus relief: that the judgment and commitment are void for the reason that the items admitted into evidence at the trial before the District Court of Sarpy County, Nebraska were seized in violation of the Fourth Amendment guarantee against unreasonable search and seizure.

The facts surrounding the issue in question are fairly set forth in the opinion of the Nebraska Supreme Court:

"The defendant was arrested as he was leaving the post office at Bellevue, Nebraska, after he had accepted delivery of a package containing approximately 4,000 tablets. The package which had been shipped by air mail parcel post had been sealed with tape, but the tape had been broken in transit. When the package arrived at the post office, the contents of the package were visible.

After the package arrived at the post office, the assistant postmaster, who was the officer in charge, notified the postal inspector. Shortly thereafter, a state patrolman and a federal narcotics agent arrived at the post office. In the presence of the assistant postmaster and while the package was in his custody, one tablet was removed and a test performed which indicated that the tablet contained amphetamine. The contents of the package were then replaced.

About 1 hour later the defendant appeared at the post office and asked if

there was a parcel for him. The package was delivered to the defendant, and he was apprehended as he was carrying the package out of the post office."

The court finds that the determination of this case must rest essentially on whether or not the subject package was first class mail.

Title 39 U.S.C.A. § 4057[1] provides:

"Only an employee opening dead mail by authority of the Postmaster General, or a person holding a search warrant authorized by law may open any letter or parcel of the first class which is in the custody of the Department."

■ In the past, payment of first class postage has been enough to secure first class protection. As stated by Judge Johnsen in Oliver v. United States, 239 F.2d 818 (C.A. 8th Cir. 1957):

"A placing of first-class postage upon a package thus would, under the statutes and regulations here involved, and in the acceptance of the package for transmission and delivery, sufficiently evidence the sender's intention not to allow it to be opened and inspected by the Post Office Department at will, as to entitle him to assert search-and-seizure violation against such an administrative opening, examining and appropriating of it."

The test as to the right of postal authorities to open mail is the intention of the sender. Ex parte Jackson, 96 U.S. 727, 24 L.Ed. 877 (1878); Weeks v. United States, 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652 (1914); Olmstead v. United States, 277 U.S. 438, 48 S.Ct. 564, 72 L.Ed. 944 (1928).

Since 1967 all air parcel post must carry the same postage as first class. Act of December 16, 1967, Pub.L.No.

90–206, 81 Stat. 613, amending § 39 U.S.C.A. § 4253, § 4303.

As summarized in the United States Code Congressional and Administrative News, Vol. 2, 90th Congress First Session, 1967, p. 2258 at p. 2262:

"Beginning with the effective date of the postal provisions of this legislation, air mail weighing more than 7 ounces [2] and first-class mail weighing more than 13 ounces will be combined as one class of mail and will be delivered by the most expeditious means of transportation available.

This is a significant departure from the present method of determining class of mail and postage rates for heavier parcels."

Relevant sections of the United States Code, enacted before the 1967 amendment and not subsequently revised, are contradictory when applied to the present situation.

"§ 4301(2) 'Air parcel post' means domestic air mail *of any class* (emphasis supplied) weighing in excess of eight ounces. § 4302(a) Except with respect to the postage required, domestic air mail, *other than air parcel post,* (emphasis supplied) shall be treated as first class mail"

However, § 4058 would indicate that the rate of postage alone determines whether or not a parcel is first class.

"§ 4058 Wrapping matter not charged with first class postage.

(a) The Postmaster General may prescribe the manner of wrapping and securing mail not charged with first class postage so that the contents of the mail may be easily examined. He shall charge the first class rate of postage on all matter which cannot be examined easily.

---

1. Section references hereinafter unless otherwise indicated are to Title 39 U.S. Code as it stood at the time of the mailing.

2. The parcel in question weighed between 3½ and 4 pounds, had the words "air mail" written or stamped on it and had $2.99 in postage on it. Said postage was consistent for a parcel of that weight being mailed as air parcel post.

(b) To ascertain whether the proper rate of postage has been paid, postmasters may examine second class mail and remove the wrappers and envelopes from other mail not bearing first class postage if it can be done without destroying them."

If air parcel post may be mail of any class as § 4301 states, then there is no way whatsoever for the post office to determine if a sender intended the package to be first class or other than first class.

Respondent has drawn the court's attention to 39 C.F.R. § 135.7 which in whole states:

"§ 135.7 Sealing. Fourth-class mail must be wrapped or packaged so that it can be easily examined. Mailing of sealed parcels at the fourth-class rates of postage is considered consent by the sender to postal inspection of the contents. To assure that their parcels will not be opened for postal inspection, customers should, in addition to paying the first-class rate of postage, plainly mark their parcels first class or with similar endorsements."

However, failure to put "first class" or words to that effect does not make the parcel other than first-class. Additionally, the wrapping contained postage consistent with the postage due on a package of its size shipped as either air parcel post or first-class mail and inconsistent with mail shipped as second, third or fourth class mail. The package was neither insured nor registered, cf. United States v. Van Leeuwen, 397 U.S. 249, 90 S.Ct. 1029, 25 L.Ed.2d 282 (1970); Santana v. United States, 329 F.2d 854 (1st Cir. 1964), cert. denied 377 U.S. 990, 84 S.Ct. 1915, 12 L. Ed.2d 1044 (1964); Oliver v. United States, *supra*, 239 F.2d at 820.

Accordingly, it is my finding that, as mail, the package was mailed as first-class mail. The court also finds that, on the basis of the statutes and regulations which have been set out, all mail on which first-class or air parcel post postage had been paid would constitute first-class mail and that no first-class mail would, in its depositing, transmission, or delivery, be subject to any opening and inspection by the post office department without a search warrant.

This court does not see how the "plain view doctrine" can be applied to mail in the custody of the post office department. If the package was broken, it was the fault of the postal department. If the post office can profit from its mishandling, the guarantee against opening and inspection means little indeed. Adequate provision existed for delaying delivery until a search warrant was obtained. 39 U.S.C.A. § 4057; Postal Manual, § 331.11; Ex parte Jackson, *supra*, 96 U.S. at 733; Oliver v. United States, *supra*, 239 F.2d at 823; United States v. Van Leeuwen, *supra*, 397 U.S. at 252, 90 S.Ct. 1029. The search incident to the arrest flowed from the illegal search; in no other way can probable cause for the arrest be asserted.

The addressee as ultimate owner of the property should be afforded standing to challenge an illegal search. Oliver v. United States, *supra*, 239 F.2d at 820.

I conclude, therefore, that the petitioner had standing to object, that the search conducted in the post office was illegal, and, hence, the evidence was improperly admitted at trial.

An appropriate and timely order will be entered reflecting the findings of fact and conclusions of law made herein.