STATE OF NEBRASKA, APPELLEE, v. RONALD R. MOORE, APPELLANT.

STATE OF NEBRASKA, APPELLEE, v. BETTY GREEN JONES, APPELLANT.

202 N. W. 2d 747

Filed December 8, 1972. Nos. 38524, 38580.

Charles F. Fitzke and James T. Hansen, for appellants.

Clarence A. H. Meyer, Attorney General, and Bernard L. Packett, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

NEWTON, J.

Defendants, together with one Kathy Moran, were tried with two of four men caught red-handed in an attempt to break into and enter a Safeway Store in Scottsbluff, Nebraska, on the night of May 16, 1971, at 11:57 p.m. The four men were Lonnie Norman, Charles Watkins, Terry Benson, and Michael Ware. Ware and Benson had entered pleas of guilty and the rest were found guilty by the jury. We affirm.

Jones, Moran, and Moore were apprehended at about 1:15 the following morning in Minatare which is 10 or 12 miles from Scottsbluff. They occupied an automobile bearing Wyoming plates and registered in the name of Ware, one of the defendants who plead guilty. Several tools suitable for use in breaking and entering were observed in sight on the floor of the back-seat area. Found in the automobile were wallets containing papers indicating they belonged to Ware and Benson, two persons apprehended during the course of the burglary. Also found in the car were the drivers' licenses of these two individuals and men's clothing. Some of the tools found were of the same make as those left at the scene of the crime and one had a red substance on the tip similar to that observed on some of the tools at the scene. An army-type laundry bag was found in the car similar to one found on the Safeway Store premises. Each bore price tags in like amounts and in similar handwriting.

Defendants contend the search of the automobile and the seizure of certain contents lying within were illegal. After driving the car from Minatare to Scottsbluff at the request of the state police, the defendants were arrested and booked by the Scottsbluff police. The car was locked by the driver but the burglary tools and laundry bag it contained were observed when the officers looked through the windows. Later the car keys were obtained and the contents first above mentioned removed. "A search implies some exploratory investigation. It is not a search to observe that which is open and patent either in daylight or in artificial light." State v. Howard, 184 Neb. 274, 167 N. W. 2d 80.

"When materials in an automobile which are indicative of a criminal offense are in plain sight of an officer looking into the automobile from the outside, a search is justified and legal." State v. Rys, 186 Neb. 341, 183 N. W. 2d 253. See, also, State v. Oltjenbruns, 187 Neb. 694, 193 N. W. 2d 744.

"Objects which are in plain view are subject to seizure by an officer who has a right to be in the position to have that view." State v. Collins, 186 Neb. 50, 180 N. W. 2d 687.

Defendants' final contention is that error was committed when the State called Ware and Benson to the witness stand, inquired if each had entered a plea to the offense with which defendants were charged, and receiving affirmative answers asked them to tell the facts of the attempted burglary which they declined to do. This evidence was not objected to and, in any event, in the light of the testimony of the officers regarding the apprehension and arrest of Ware and Benson could not have been prejudicial. In addition, the court gave NJI No. 14.54 which would adequately guard against prejudice.

The judgments of the district court are affirmed.

AFFIRMED.