■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MICHAEL PATELLO, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered May 11, 1972, convicting him of criminal possession of a dangerous drug in the third degree, upon a jury verdict, and sentencing him to an indeterminte prison term not to exceed three years. Judgment reversed, on the law and the facts, and indictment dismissed, on the law. Sometime in November of 1971, the United States Customs Service was involved in an investigation of packages which may have contained contraband coming through the mail from foreign countries. Pursuant to that investigation, one of the Customs agents discovered a package which had come through the mail from India, addressed to one Marjorie Lord in care of defendant. The contents were examined in a laboratory and found to contain hashish. At a later date another package, similarly addressed, was intercepted by the Customs Service. Thereafter, arrangements were made with the Post Office Department for delivery of the packages to defendant's home by a regular postal carrier in the normal course of mail delivery. On the day set for delivery the mail carrier was accompanied by two Customs agents, a Postal inspector and three officers of the New York City Police Department. As the mail carrier rang the bell, the others stationed themselves approximately 20 feet from the doorway. Defendant came to the door and was asked by the mail carrier to sign his name to a postal receipt to acknowledge delivery. Upon signing his name, defendant was arrested by the police officers. One of the packages was opened immediately thereafter in defendant's presence and found to contain hashish. Defendant denied having any knowledge of the contents of the packages. He admitted having met Marjorie Lord during his travels in India and stated he had received prior packages from India addressed to Marjorie Lord in his care. The prior packages had contained cloth which defendant exhibited to the agents and police officers. Based on the record before us we do not find that the requirement of knowledgeable possession was proven beyond a reasonable doubt. The crime of possessing a dangerous drug requires a physical or constructive possession with actual knowledge of the nature of the possessed substance (*People* v. *Reisman,* 29 N Y 2d 278). In our opinion the case at bar is distinguishable from *People* v. *Reisman* (*supra*). In *Reisman,* the police received a tip from the California authorities that certain packages which had arrived at Kennedy Airport addressed to one George Carlton in care of the defendant contained marijuana. When the defendant arrived at the airport, he recognized the packages by sight, signed for them and carried them to his car. A search of his car following his arrest disclosed small quantities of marijuana. On his person was a personal check indorsed over and payable to the consignor. A footnote in *Reisman* (p. 283) indicates that two days later, while defendant was in custody, two more packages arrived for Carlton in care of defendant which contained 270 pounds of marijuana (the evidence alluded to in the footnote was not offered on the trial, although the suppression court had allowed its introduction). In its decision, the Court of. Appeals noted that " The probabilities justifying the inference of knowledge in this case are unusually impressive " (p. 287). In the case at bar, however, the logical impact of the evidence failed to establish that defendant had any knowledge that the package contained anything but artifacts from India. All the evidence showed is that defendant received a package in the course of normal mail delivery and signed a receipt therefor. Such evidence has no more probative value than the evidence of

the discovery of the hashish in the post office (see *People* v. *Ackerman*, 2 Ill. App. 3d 903). In view of our conclusion that the evidence is insufficient to support the conviction, the judgment must be reversed and the indictment dismissed. Martuscello, Acting P. J., Latham, Shapiro, Brennan and Benjamin, JJ., concur.