The People of the State of Illinois, Plaintiff-Appellee, *v.* Gary W. Boswell, Defendant-Appellant.

(No. 73-134; )

Third District—May 23, 1974.

Stephen Hurley, of State Appellate Defender's Office, of Ottawa, for appellant.

C. Brett Bode, State's Attorney, of Pekin (Jay H. Janssen, Assistant State's Attorney, of counsel), for the People.

Mr. PRESIDING JUSTICE SCOTT delivered the opinion of the court:

Gary Boswell, the defendant, after bench trial in Tazewell County was found guilty of the offense of possession of cannabis in the amount of more than 10 grams but less than 30 grams. He was placed on probation for one year and fined $100 and ordered to pay court costs in the sum of $42.60. The defendant has perfected this appeal from the judgment finding him guilty and the sentence imposed thereon.

We note that no verbatim transcript of the proceedings in the trial court was made, however, the trial court certified an appellant's statement of facts to be correct. The statement of facts discloses that in the late evening of October 30, 1972, or during the early morning hours of the following day an officer of the City of Morton police department received a radio communication that an automobile had eluded the pursuit of police officers in the City of Tremont after a high speed chase and that the vehicle was still being sought. Tremont is a neighboring city of Morton. Shortly after receiving this broadcast the police officer from Morton, while patrolling, came upon a vehicle traveling ahead of him in the same direction as he was traveling. The officer reduced the distance to about 30 feet between his vehicle and the one which he was following, and then turned on the flashing red lights of his police car. The automobile which he was pursuing then proceeded to decrease its speed. The officer positioned his vehicle on the right shoulder of the roadway to such an extent that the right side (or side opposite the driver) of the pursued vehicle was clearly visible to him. While both vehicles were operating at a speed of approximately 5 miles per hour and approximately 30 feet apart the officer saw the right front door, being the passenger side of the pursued automobile, open and immediately thereafter a package was dropped from the open door. When both vehicles stopped the police officer ordered the occupants, four in number, out of the vehicle which he had been following. The defendant had been sitting in the right front or passenger side, being next to the door which had been opened. A short time later the officer found on the roadside a plastic bag wrapped around a metal pipe approximately 50 feet behind both vehicles. Prior to this discovery other police officers arrived on the scene and in their presence the defendant stated "that was stupid" or "that was a dumb thing to do".

All four occupants of the vehicle in which the defendant was a passenger were taken to the Morton police station but only the defendant

was charged with possession of cannabis. An examination of the plastic bag disclosed that it contained cannabis in an amount in excess of 11 grams. Neither the bag nor the pipe was examined for fingerprints. This statement of facts all derived from the testimony of the arresting officer is sufficient for our consideration of the primary issue raised by the defendant in this appeal.

It is the defendant's contention that he was not proven beyond a reasonable doubt to have knowingly possessed the bag, containing cannabis, which was found by the police officers.

In order to sustain the conviction of the defendant the record must reflect proof of two elements, to-wit (1) that he knowingly possessed and (2) a substance containing cannabis weighing more than 10 but less than 30 grams (Ill. Rev. Stat. 1971, ch. 56½, sec. 704(c)).

■■ In examining the record we can only conclude that it is insufficient to support a finding that the requisite element of "possession" by the defendant was proven. To support conviction of unlawful possession of narcotics the People must establish knowledge on part of the defendant of the presence of narcotics and must also establish that the narcotics were in the immediate and exclusive control of the defendant. *People v. Mosley*, 131 Ill.App.2d 722, 265 N.E.2d 889.

■■ It may be a reasonable assumption that the defendant had possession of the plastic bag containing the cannabis since it was dropped on the roadway from an open door of an automobile by which he was sitting. It is fundamental, however, that a conviction for a crime cannot be supported by assumption, conjecture or speculation. We have also held that suspicious behavior in the vicinity of narcotics will not suffice as proof of knowledge as to their presence. See *People v. Ackerman*, 2 Ill.App.3d 903, 274 N.E.2d 125.

■■ In the instant case even after accepting the fact that the police officer directly observed the package being dropped from the vehicle from an open door next to the defendant there is no way of ruling out the possibility that the package could have been disposed of by another occupant of the vehicle. As we noted in the case of *Mosley*, exclusive possession does not rule out the fact that such possession may be joint for to hold otherwise would permit two or more persons to gain immunity from prosecution on a charge of unlawful possession of narcotics by proving joint possession and such a result would be contrary to reason and defeat the purpose of the Uniform Narcotic Drug Act. (See *People v. Mosley*, 131 Ill.App.2d 722, 265 N.E.2d 889.) In the case before us we are reluctant to disturb the determination of the trier of fact and certainly do not desire to defeat the purpose of the Cannabis Control Act, however, in examining the evidence we find nothing to support a finding

that the defendant Boswell exercised control jointly or otherwise over the cannabis found in the plastic bag.

■■ The People would have us interpret the remarks of the defendant to the effect "that was stupid" or "that was a dumb thing to do" as admissions of a bungling attempt on his part to dispose of marijuana. We do not find the remarks made by the defendant restricted to this narrow interpretation. They could just as well have been addressed to another occupant of the vehicle after the defendant had discovered what had transpired. The remarks of the defendant are ambiguous as to whom they were addressed and only present a question that can be answered by conjecture or speculation which has no place in sustaining a conviction for a crime.

■■ Based upon an examination of the statement of proceedings prepared by counsel for the defendant and certified as correct by the trial judge we can only conclude that the judgment of guilty entered by the circuit court of Tazewell County and the sentence imposed thereon should be reversed. We accordingly need not consider the remaining issue raised by the defendant in this appeal.

Reversed.

ALLOY and STOUDER, JJ., concur.