In an opinion written by the Honorable Bowen W. Simmons, a retired circuit judge, this court affirmed the conviction of the appellant for the illegal possession of heroin. (Ms. January 4, 1977). The Supreme Court of Alabama, in an opinion issued September 23, 1977, reversed this court and remanded the cause to us on that portion of the opinion which held that knowledge is not an essential element of the offense of possession. (See the extended opinion on rehearing issued February 1, 1977). In reversing, the Supreme Court specifically held that knowledge is an essential element of the offense of illegal possession of a controlled substance under the Alabama Controlled Substance Act. Ex parte Walker, Ala., 356 So.2d 672.
From our review of the evidence and the instructions given by the trial judge, this case is still due to be affirmed. Our extended opinion exerted no influence upon the findings of fact by the jury or upon the application of the proper law by the trial judge.
While in a prosecution for the possession of illegal drugs there must be evidence from which the jury may conclude beyond a reasonable doubt that the accused knew of the presence of the drugs, such guilty knowledge may be established by circumstantial evidence. Parks v. State, 46 Ala. App. 722,248 So.2d 761 (1971); Knox v. State, 50 Ala. App. 494, 280 So.2d 200
(1973); Daniels v. State, 49 Ala. App. 654, 275 So.2d 169
(1973); Fields v. State, Ala.Cr.App., 333 So.2d 861 (1976); Newv. State, Ala.Cr.App., 337 So.2d 1355 (1976).
The evidence clearly shows that the appellant was in actual possession of a package containing heroin. The only disputed fact is whether or not she knew that the sealed package did contain heroin.
The fact that the accused is named as the addressee of a parcel containing a controlled substance is insufficient to show that his possession and control was accomplished by knowledge on his part that the parcel contained narcotics.Rutskin v. State, Fla.App., 260 So.2d 525 (1972); People v.Ackerman, 2 Ill. App.3d 903, 274 N.E.2d 125 (1971). *Page 676 
 "The fact that he happened to be the addressee of the parcel obviously does not supply the evidence that he knew that the parcel contained marijuana or any other contraband. If this were not so, any innocent person could be convicted of possession of marijuana just because he happens to be the recipient of a package containing marijuana." Rutskin, at 260 So.2d 526.
Likewise the fact that the accused picked up a parcel for the addressee is insufficient to show that the accused had knowledge of the illegal contents of the package. See Schaufelev. State, Fla.App., 269 So.2d 400 (1972), where the evidence showed that the accused claimed to be the addressee but when asked to produce identification stated that the addressee had lived with him. He then produced his correct identification and signed the receipt with his proper name. It was held that this was insufficient to show his knowledge that the package contained a narcotic drug.
Because the element of knowledge is seldom susceptible to direct proof, it may be proved by evidence of acts or conduct of the accused from which it may fairly be inferred that he knew of the existence of the narcotics at the place where they were found. See authorities cited at 28 C.J.S. Supp. Drugs 
Narcotics § 204, p. 300, fn. 87.
 "The requisite knowledge may also be proved by the physical appearance of the accused, and his declarations, or admissions, and contradictory statements, and explanations made by him."
28 C.J.S.Supp. § 204.
Although the mere fact that the accused received a package addressed to him, or another, in the course of normal mail or parcel delivery does not, standing alone, suffice to show knowledge of any contraband contained in the package, the fact of receipt when coupled with additional facts and factors may produce circumstances from which it may be fairly inferred that the requisite knowledge was present. The inference may arise where there is an attempt by the addressee to secrete the package after accepting delivery, State v. Doerge, 11 Or. App. 602, 504 P.2d 766 (1972), or that a note to the addressee found inside the package indicated that code words should be used in future conversations and in the billfold of the addressee was found a card bearing the name and address of the sender, Statev. Collins, 186 Neb. 50, 180 N.W.2d 687 (1970).
Puckett v. State, Ind. App., 322 N.E.2d 716 (1975), involved a prosecution for the possession of marijuana wherein the defendant contended that he had been asked by a friend to accept a trunk for a man named Bruce Street who would be in the area soon and claim the trunk. The reviewing court found that the defendant's knowledge of the contents of the trunk, in which marijuana was found, was warranted by the defendant's misrepresentation that his name was Bruce Street, his signing such name not his own on the receipt for the trunk, and his possession of the combination to open the trunk.
From the facts and circumstances of this case it is our conclusion that there was evidence from which the jury could have reasonably inferred that the appellant knew that the parcel contained a narcotic. The appellant and Lavender, the addressee, were living together at the residence of the appellant, the appellant's telephone number was on the package; in picking up the package from the bus station the appellant identified herself as the wife of Lavender and signed the receipt as "Claudia Lavender". When questioned by the police following her arrest the appellant stated that she had picked up the package for a friend named "Willie" but did not know where he lived or how to get in touch with him. According to the evidence presented by the state, the appellant told the police that she had not seen Lavender for some time, that she had not talked to him and that he had not been to her house. The appellant never told the police that Lavender sent her for the package and stated that she did not know anything else about it. This was all of the relevant evidence, viewed in a light most favorable to the state, presented at *Page 677 
the time the motion to exclude was made. Therefore it is all we can review in considering whether the trial court correctly denied the motion to exclude the state's evidence. Packer v.State, 55 Ala. App. 30, 312 So.2d 601 (1975); Williams v. State, Ala.Cr.App., 340 So.2d 1144, cert. denied, Ex parte AttorneyGeneral, Ala., 340 So.2d 1149 (1976).
From these facts the jury could reasonably infer that the appellant was aware of the presence of heroin within the package. This was a question of fact for the jury and one which we cannot overturn. Davis v. State, Ala.Cr.App., 331 So.2d 813
(1976); Godfrey v. State, Ala.Cr.App., 333 So.2d 182 (1976);Radke v. State, 292 Ala. 290, 293 So.2d 314 (1973). Whether there is any evidence on a given proposition is a question for the court to determine, and the weight or probative force thereof is for the jury. Shaddix v. State, 23 Ala. App. 262,123 So. 277 (1929). The appellant's own testimony contradicted much of the evidence presented by the state. Contradictory explanations may be sufficient to show knowledgeable possession. 28 C.J.S.Supp. Drugs Narcotics § 210, pp. 310-311. The trial judge fully and carefully instructed the jury that they must be convinced beyond a reasonable doubt and to a moral certainty that the appellant not only had heroin in her possession but that she also knew what the substance was. Under these circumstances, the denial of the motion to exclude the state's evidence, the refusal to give the affirmative charge and the overruling of the motion for a new trial was not error. Young v. State, 283 Ala. 676, 220 So.2d 843 (1969);Curry v. State, Ala.Cr.App., 341 So.2d 972, cert. denied, Ala.,341 So.2d 974 (1976).
This cause is affirmed.
AFFIRMED.
All Judges concur.