■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT WALZER, Appellant. [643 NYS2d 838] —Judgment unanimously reversed on the law and indictment dismissed. Memorandum: Defendant was convicted following a jury trial of criminal possession of marihuana in the first degree for possessing a quantity of marihuana that was in a package addressed to a "J. Walzert" and delivered to defendant's house by a police officer posing as a United Parcel Service (UPS) delivery man. The crime of criminal possession of marihuana in the first degree requires a physical or constructive possession with actual knowledge of the nature of the substance possessed (Penal Law § 221.30; *see, People v Reisman,* 29 NY2d 278, 285, *cert denied* 405 US 1041; *People v Patello,* 41 AD2d 954). It is undisputed that defendant took possession of the package and brought it inside his house. The issue is whether the People established that defendant knew that the package contained marihuana.

"Generally, possession suffices to permit the inference that

the possessor knows what he possesses, especially, but not exclusively, if it is in his hands, on his person, in his vehicle, or on his premises" (*People v Reisman, supra,* at 285). "Since the inference of knowledge is but that, the burden of going forward and negativing the inference is a slight one" (*People v Kirkpatrick,* 32 NY2d 17, 23-24, *appeal dismissed* 414 US 948; *see, People v Acosta,* 174 AD2d 181, 186, *lv denied* 79 NY2d 1045). Defendant testified that, after he took the package inside his house, he noticed that the name on the package was spelled differently from his and that he did not recognize the return address. Thus, he did not open the package and wrote "Return to Sender" on the box. He testified that he was about to call UPS to pick up the unopened package when his wife and a friend entered the house. About five minutes later, the police broke down the door, placed defendant in handcuffs and searched the house.

On this record, we conclude that defendant met his "[slight] burden of going forward and negativing the inference" of knowledge from the fact of possession (*supra,* at 23) and that the People failed to respond with evidence to prove beyond a reasonable doubt that defendant knew that the package contained marihuana. Because the People failed to establish defendant's "knowledgeable possession" of marihuana beyond a reasonable doubt (*People v Patello, supra,* at 954), the judgment must be reversed and the indictment dismissed. (Appeal from Judgment of Supreme Court, Monroe County, Wisner, J.—Criminal Possession Marihuana, 1st Degree.) Present— Lawton, J. P., Fallon, Callahan, Doerr and Davis, JJ.