The appellant, Ronald Richard Sherman, was found guilty of rape in the first degree of E.H., two counts of rape in the second degree and the production of obscene material as to J.P., and possession of marijuana. He was sentenced to life imprisonment on the first-degree rape conviction; to 20 years' imprisonment on each of the second-degree rape convictions; to 10 years' imprisonment on the conviction for production of obscene material, and to 1 year's imprisonment on the possession of marijuana conviction. The appellant's life sentence was to run consecutively to his other sentences, which were to run concurrently with each other.
Evidence at trial tended to show the following. The appellant, his ex-wife, and their children moved into a mobile home park in Fairhope in 1997. Shortly thereafter, the appellant began dating C.J.H., who lived at the park with her son and her 11-year-old *Page 860 
daughter, E.H. In July 1997, the appellant's ex-wife told C.J.H. that she and the appellant had engaged in sexual activities with J.P., a 15-year-old girl. C.J.H. then telephoned her daughter, and E.H. admitted that the appellant had also had sex with her. Both women notified the police, and C.J.H. later confronted the appellant and stabbed him in the abdomen. The appellant turned over to investigating officers nude photographs he had taken of J.P. and some marijuana. His ex-wife testified at trial that she had engaged in sexual activities with both J.P. and her ex-husband on one occasion. J.P. also testified concerning the same occasion. The appellant then denied having sex with either J.P. or E.H.
 I.
The appellant contends that the trial court erred in refusing to allow E.H. to testify that, approximately two weeks before the present charge, she had made an allegation of rape against another person, "Jason." The appellant contends that this rape could have accounted for a vaginal injury found by the examining physician. He argues that Rule 412, Ala.R.Evid., which adopted the preexisting rape-shield statute, does not prohibit E.H.'s testimony because, he argues, that rule was designed to protect rape victims from inquiries into prior volitional conduct and because of E.H.'s age, any prior sexual activity would have been statutorily nonvolitional.
A review of the record reveals that the appellant failed to follow the procedure set out in Rule 412(d), in that he did not notify the court of his intent to introduce the testimony regarding the prior rape before he attempted to cross-examine the victim. In addition, the doctor who examined E.H. testified that E.H.'s mother described the prior incident as a "rape," but he subsequently learned that the incident had involved touching and fondling, rather than penile penetration. The appellant therefore failed to show either that E.H.'s other allegation was false or that the activity on which it was based could have accounted for her injury. Based on the record, the trial court did not err in refusing to admit the desired testimony into evidence.
 II.
The appellant also contends that the evidence was insufficient to sustain his conviction for the production of obscene material because, he says, an element of the offense is that the producer "know" that the person whose likeness is being reproduced is under the age of 17. He argues that he and his ex-wife testified that they did not know that J.P. was under 17, and that J.P. appeared physically mature, that she drank alcohol and smoked marijuana, and that she did not attend school.
Section 13A-12-197, Ala. Code 1975, states, in pertinent part, that a person commits the offense of production of obscene matter if he or she "knowingly films, prints, records, photographs or otherwise produces any obscene matter that contains a visual reproduction of a person under the age of 17 years engaged in any act of sado-masochistic abuse, sexual intercourse, sexual excitement, masturbation, breast nudity, genital nudity, or other sexual conduct. . . ." Section 13A-2-4(a), Ala. Code 1975, states that, when a statute prescribes as an element of an offense a specified culpable mental state, the mental state is presumed to apply to every element of the offense unless the context thereof indicates to the contrary.
In United States v. United States District Court for CentralDistrict of California, 858 F.2d 534 (9th Cir. 1988), the United States Court of Appeals for the Ninth Circuit examined 18 U.S.C. § 2251(a) (Supp. IV 1986), which prohibits the production of materials depicting a minor engaged in sexually explicit conduct, and held that for a conviction under that statute it is not necessary that the accused know of the age of the subject. InUnited States v. X-Citement Video, Inc., 513 U.S. 64, 73, n. 2, (1994), *Page 861 
which held that knowledge of age must be proven in a case against a distributor or receiver of sexually explicit materials, the United States Supreme Court, citing Central District of California, explained that a distributor or receiver lacks opportunity to question an underage performer and therefore is in a position different from a producer, who "confronts the victim personally and may be reasonably required to ascertain the victim's age."
Here, the victim testified that she visited the appellant every day between January 1997 and June 1997. She said that the appellant told her how to pose and then took nude photographs of her. Although the appellant had ample opportunity to question the victim, he failed to ascertain her age before taking the sexually explicit pictures. It therefore was reasonable to hold him responsible as a producer of sexually explicit materials, and evidence that he knew the victim's age was not required.
The appellant also argues that he mistakenly believed that the victim was older than her actual age. In Central District ofCalifornia, supra at 543, the Court held that, in order to establish reasonable mistake of age, the defendant must show, by clear and convincing evidence, that he did not know, and could not reasonably have learned, the victim's age. The court distinguished those who recklessly or negligently subject minors to sexual exploitation from those who diligently investigate the matter and have a reasonable good faith belief that their activity is protected. Id., at 541. Here, the appellant's ex-wife testified that she did not know the victim's age and that she did not really think about it at the time. However, the evidence indicates that the appellant and his ex-wife not only failed to investigate the victim's age but also ignored evidence that should reasonably have alerted them to the fact that she was under the age of 17. The victim said that she visited the couple daily for months. She said that she did not smoke pot before she met them and that she began drinking alcohol at about the same time. She also said that she was home schooled by her mother and that her curfew was "dark."
Knowledge usually is established by circumstantial evidence.Donahoo v. State, 552 So.2d 887 (Ala.Cr.App. 1989). Whether the defendant had the requisite knowledge is a question of fact for the jury, and we will not overturn the decision on appeal. Walkerv. State, 356 So.2d 674 (Ala.Cr.App. 1977), cert. denied,356 So.2d 677 (Ala. 1978). Here, the jury had sufficient evidence from which it could conclude that the appellant knew or should have known the victim's age. The assessment of the probative value and weight of the evidence was a matter to be determined solely by the jury. Washington v. State, 55 Ala. App. 116,313 So.2d 544 (Ala.Cr.App. 1975).
On appeal, the appellant raises no issues relating to his convictions for the second-degree rape of J.P. or for possession of marijuana.
The convictions are affirmed.
AFFIRMED.
LONG, P.J., and COBB and FRY, JJ., concur. BASCHAB, J., recuses.