THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS GONZALEZ, Appellant. [779 NYS2d 192]—

Judgment, Supreme Court, Bronx County (William C. Donnino, J.), rendered December 19, 2002, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the first degree, and sentencing him to a term of 15 years to life, unanimously affirmed.

Defendant's claim that the evidence was insufficient to establish that he knowingly possessed the cocaine contained in a package delivered to him is unpreserved (*People v Gray*, 86 NY2d 10 [1995]), and we decline to review it in the interest of justice. Were we to review this claim, we would find that the element of knowledge could be readily inferred from the evidence (*see People v Reisman*, 29 NY2d 278, 285 [1971]), which established, among other things, that defendant had the package delivered to himself under an assumed name, to a warehouse where he stood outside awaiting delivery.

The court's midtrial offer of a more favorable *Sandoval* rul-

ing did not cause any prejudice to defendant. In the first place, the court's initial *Sandoval* ruling permitting the People to elicit a prior drug conviction that was highly probative of defendant's credibility balanced the appropriate factors and was a proper exercise of discretion (*see People v Hayes*, 97 NY2d 203 [2002]; *People v Pavao*, 59 NY2d 282, 292 [1983]). During trial, the court proposed a modification of this ruling that was entirely to defendant's benefit, but defense counsel protested that his trial strategy, including his waiver of an opening statement, was based on a determination that, in view of the initial ruling, defendant would not testify. To alleviate these concerns, the court offered defense counsel the opportunity to make an opening statement prior to defendant's testimony, but counsel declined the court's offer and defendant did not testify. Accordingly, neither the court's initial ruling nor its subsequent actions concerning the *Sandoval* issue deprived defendant of a fair trial.

Defendant's ineffective assistance of counsel claim turns on matters concerning counsel's trial preparation that are not reflected in the record and would require a further record to be developed by way of a CPL 440.10 motion (*see People v Love*, 57 NY2d 998 [1982]). To the extent the existing record permits review, it establishes that defendant received effective assistance of counsel (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]).

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Nardelli, J.P., Mazzarelli, Sullivan, Lerner and Friedman, JJ.