■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v YOMALBI JIMENEZ, Respondent. [47 NYS3d 730]—

Appeals by the People (1), as limited by their brief, from so much of an order of the Supreme Court, Rockland County (Kelly, J.), dated December 15, 2015, as granted that branch of the defendant's omnibus motion which was to dismiss the indictment on the ground that the evidence presented to the grand jury was legally insufficient, and (2) from an order of the same court dated February 8, 2016, which denied their motion to resubmit the same charges under the indictment to a different grand jury based upon new evidence.

Ordered that the order dated December 15, 2015, is reversed insofar as appealed from, on the law, and that branch of the defendant's omnibus motion which was to dismiss the indictment on the ground that the evidence presented to the grand jury was legally insufficient is denied, the indictment is reinstated, and the matter is remitted to the Supreme Court, Rockland County, for further proceedings on the indictment; and it is further,

Ordered that the appeal from the order dated February 8, 2016, is dismissed, as no statute authorizes an appeal by the People from the order (see CPL 450.20; People v Tony C., 110 AD3d 1093, 1094 [2013]) and, in any event, the appeal has been rendered academic in light of our determination on the appeal from the order dated December 15, 2015.

The indictment charged the defendant with criminal possession of a controlled substance in the second degree (Penal Law § 220.18 [1]) and criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]). In an order dated December 15, 2015, the Supreme Court determined that the facts presented to the grand jury established that the defendant received a package addressed to "Jose Negron," and signed for that package using the name "Jose Negron." Immediately after receiving the package, but before opening it, the defendant was arrested. The package was opened by the police, who found cocaine secreted inside two trophies. The Supreme Court concluded that the People failed to present any evidence from which the grand jury could find knowing possession, and the court granted that branch of the defendant's omnibus motion which was to dismiss the indictment on the ground that the evidence presented to the grand jury was legally insufficient.

"Courts assessing the sufficiency of the evidence before a grand jury must evaluate whether the evidence, viewed most favorably to the People, if unexplained and uncontradicted— and deferring all questions as to the weight or quality of the

evidence—would warrant conviction" (*People v Woodson*, 105 AD3d 782, 782 [2013] [internal quotation marks omitted]; *see People v Mills*, 1 NY3d 269, 274-275 [2003]; *People v Flowers*, 138 AD3d 1138, 1139 [2016]). " 'Legally sufficient evidence' means competent evidence which, if accepted as true, would establish every element of an offense charged and the defendant's commission thereof" (*People v Flowers*, 138 AD3d at 1139, quoting CPL 70.10 [1]). " 'In the context of a Grand Jury proceeding, legal sufficiency means prima facie proof of the crimes charged, not proof beyond a reasonable doubt' " (*People v Jessup*, 90 AD3d 782, 783 [2011], quoting *People v Bello*, 92 NY2d 523, 526 [1998]; *see People v Wisey*, 133 AD3d 799, 800 [2015]; *People v Woodson*, 105 AD3d at 783). "The reviewing court's inquiry is limited to whether the facts, if proven, and the inferences that logically flow from those facts supply proof of every element of the charged crimes, and whether the Grand Jury could rationally have drawn the guilty inference. That other, innocent inferences could possibly be drawn from those facts is irrevelant to the sufficiency inquiry as long as the Grand Jury could rationally have drawn the guilty inference" (*People v Bello*, 92 NY2d at 526 [internal quotation marks omitted]; *see People v Deegan*, 69 NY2d 976, 979 [1987]; *People v Woodson*, 105 AD3d at 783).

The crimes of criminal possession of a controlled substance in the second degree (Penal Law § 220.18 [1]) and criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]) require knowledge of possession, as well as knowledge of the nature of the possessed substance (*see People v Ryan*, 82 NY2d 497, 502 [1993]). "A person acts knowingly with respect to conduct or to a circumstance described by a statute defining an offense when he is aware that his conduct is of such nature or that such circumstance exists" (Penal Law § 15.05 [2]). "Generally, possession suffices to permit the inference that the possessor knows what he possesses, especially, but not exclusively, if it is in his hands, on his person, in his vehicle, or on his premises" (*People v Reisman*, 29 NY2d 278, 285 [1971]).

Here, the defendant's knowledge that he was in possession of a package containing cocaine may be inferred from the unexplained and uncontradicted evidence demonstrating that the defendant took the package in his hands under an assumed name at an address where he did not reside (*see id.* at 285-286; *see also People v Gonzalez*, 8 AD3d 210, 210 [2004]; *People v Walzer*, 227 AD2d 945, 945-946 [1996]; *People v Blythe*, 203 AD2d 472, 472 [1994]).

The Supreme Court's reliance upon *People v Walzer* (227 AD2d 945 [1996]) and *People v Patello* (41 AD2d 954 [1973]) is misplaced. In both of those cases, the defendant testified at trial so as to rebut the inference of knowledgeable possession (*see People v Walzer*, 227 AD2d at 946; *People v Patello*, 41 AD2d at 954). In contrast, here, the evidence presented to the grand jury, unexplained and uncontradicted, was sufficient to make the inference of knowledgeable possession.

Accordingly, the Supreme Court should have denied that branch of the defendant's ominibus motion which was to dismiss the indictment on the ground that the evidence presented to the grand jury was legally insufficient. Dillon, J.P., Roman, Hinds-Radix and Barros, JJ., concur.