## The People of the State of Illinois, Plaintiff-Appellee, v. Ezell Thomas, Defendant-Appellant.

### Gen. No. 67–65.

Fifth District.

October 17, 1969.

Carl W. Lee, of East St. Louis, for appellant.

Robert H. Rice, State's Attorney of St. Clair County, of Belleville (John F. O'Connell, of counsel), for appellee.

EBERSPACHER, J.

This is an appeal from the Circuit Court of St. Clair County from a judgment entered upon a jury verdict finding the defendant, Ezell Thomas, guilty of the offense of murder.

The defendant, in his effort to reverse the judgment, contends: (a) That the defendant's right to a fair trial and impartial jury was jeopardized by the Court's failure to confine the jury; (b) that the Court erred in admitting evidence obtained as a result of an illegal search and seizure; (c) that certain identification testimony was based upon a pretrial identification, the circumstances of which constituted a denial of due process of law to the defendant; and (d) that the State has failed to prove the defendant guilty beyond a reasonable doubt.

The basis of the defendant's first argument is that the jury was allowed to separate over objection by the defendant, after their selection. The defendant argues that a defendant in a capital case has the right to have the jury confined in the custody of sworn officers of the Court throughout the course of the trial. Jumpertz v. People, 21 Ill 375 (1859) is cited for our consideration.

It appears from the record that the jurors had been selected, but had not been sworn to try the issues, when allowed to separate to their respective homes over the Memorial Day weekend. We find the defendant's reliance on Jumpertz v. People, supra, misplaced for several reasons. First, the trial within the meaning of Jumpertz does not commence until the jury is impaneled and sworn. People v. Watson, 394 Ill 177, 68 NE2d 265. In People v. Schanda, 352 Ill 36, 185 NE 183, the Court held that jurors who had been selected but had not been sworn to try the cause were not required to be kept together.

We further note that the Code of Criminal Procedure, chapter 38, section 115–4, Ill Rev Stats, which became effective January, 1964, made no provision for the keeping of a jury together except when it had retired to consider its verdict. The trial of this cause was commenced May 31, 1966. The scope of the Code of Criminal Procedure is set forth in section 100–2: "These provisions shall govern the procedure in the courts of Illinois in all criminal proceedings except where provision for a different procedure is specifically provided by law."

■ We also note that in 1967, or after the trial, section 115–4 was amended to give the Court discretionary power to segregate the jury. The record also indicates that after the jury was selected, but before it was sworn, the Court permitted the jury to separate after being admonished not to discuss the case. The record further indicates that the Court personally contacted the news media and requested them not to mention the case before the commencement of the trial. Under the circumstances the Court did not err in exercise of its discretion. There is no allegation nor showing of prejudice to the defendant.

The second contention of error involves the admission into evidence of a pistol and bullet clip. The defendant's argument is twofold. First, that the trial court erred in its failure to hear the defendant's pretrial motion to

suppress evidence. Second, that the search and seizure was pursuant to the coerced consent of the defendant's mother.

■ In regard to the defendant's first argument, the record discloses that counsel was appointed to defend the defendant on September 17, 1965, and in October of 1965 cocounsel was appointed. The record further discloses that the case was set for trial on October 5, 1965, November 29, 1965, March 14, 1966, and May 16, 1966, and each time continued upon motion of the defendant. On the day the cause was called for trial, the defendant made an oral motion to suppress the pistol as evidence. The Court denied the defendant's motion for a pretrial hearing due to the tardiness of the defendant's motion, and its failure to be in writing as required by chapter 38, section 114–12. The trial court was correct in its ruling. People v. Johnson, 38 Ill2d 399, 231 NE2d 447.

■■ The defendant's second argument is also without merit. Prior to the admission of the pistol and bullet clip into evidence, a hearing was conducted by the Court outside the presence of the jury. The uncontradicted testimony offered during the hearing was that the defendant's mother produced the weapon and clip voluntarily at the request of two police officers. Inasmuch as the defendant resided with his mother she had a possessory interest in the house, and as such could authorize a search. People v. Perroni, 14 Ill2d 581, 153 NE2d 578; People v. Speice, 23 Ill2d 40, 177 NE2d 233. The trial court after the hearing determined the consent was voluntary and not coerced. The defendant's assertion that the consent of the defendant's mother was coerced is sheer conjecture and without support either in the record or from legitimate inference. Accordingly, the Court's finding should not be disturbed. People v. Armstrong, 41 Ill2d 390, 243 NE2d 825.

■ The defendant next contends that the identification testimony of a certain witness was based upon a pretrial identification under circumstances which were so prejudicial as to amount to a denial of due process of law to the defendant. In this regard the defendant has relied upon the recent United States Supreme Court cases of Stovall v. Denno, 388 US 293 (1967); Simmons v. United States, 390 US 377 (1967).

The State in its brief has answered that the case at bar was tried prior to Stovall, and that Stovall has only prospective application. Stovall v. Denno, 388 US 293; People v. Robbins, 88 Ill App2d 447, 232 NE2d 302. The existing law on the date of this trial was that questionable identification procedure does not render the evidence of identification incompetent, but affects only its weight and credibility. People v. Brinkley, 33 Ill2d 403, 211 NE 2d 730; People v. Crenshaw, 15 Ill2d 458, 155 NE2d 599.

It is appropriate to note also the apparent inadvertence under which the alleged improper pretrial identification took place. It appears from the record that rather than a prearranged lineup, that the witness viewed the defendant as the defendant left the courtroom following one of the numerous continuances of the trial setting. It is also appropriate to note that neither the witness nor the State placed any particular reliance upon the pretrial viewing. The witness merely candidly testified that the next time he observed the defendant following the occurrence was outside the courtroom on May 17, 1966.

■ The last allegation by the defendant is that the State failed to sustain its burden of proving the defendant guilty beyond a reasonable doubt. Numerous conflicts and inconsistencies in the evidence have been drawn to our attention by the defendant. However, from our examination we find that such conflicts and inconsistencies are on par with the quantity normally found in a record

of its size. Moreover, the jury is the trier of facts and has the responsibility for the determination of the credibility of witnesses and resolving any conflicts that may appear in the evidence. People v. Underhill, 38 Ill2d 245, 230 NE2d 837; People v. Scott, 34 Ill2d 41, 213 NE2d 521.

The record contains testimony of two acquaintances of the defendant, who were subsidiarily involved in the transaction which eventually led to the death of the victim. Each testified that the defendant shot the victim. A disinterested third person observed the crime and identified the defendant as the person responsible for the shooting. The defendant's girl friend and her mother each testified that the defendant made certain admissions to them of the offense. An inmate of the county jail, who was confined with the defendant prior to the trial, testified that the defendant confessed the crime to him. The defendant's defense of alibi disintegrated during the course of the trial. In substance, it is our opinion that the verdict is supported by the evidence, and that the State has sustained its burden.

This Court appreciates the thoroughness and efficiency displayed by appointed counsel in the prosecution of this appeal.

For the foregoing reasons, the judgment of the Circuit Court of St. Clair County is affirmed.

Judgment affirmed.

GOLDENHERSH and MORAN, JJ., concur.