THE CITY OF CRYSTAL LAKE, Plaintiff-Appellee, *v.* FRANCES WOIT, Defendant-Appellant.

(No. 71-136;

Second District—March 1, 1972.

Franz & Franz, of Crystal Lake, (James C. Franz, of counsel,) for appellant.

John L. Cowlin and Thomas Baker, both of Crystal Lake, for appellee.

Mr. JUSTICE THOMAS J. MORAN delivered the opinion of the court:

Defendant appeals from a bench trial finding her guilty of violating a city ordinance whereby it is unlawful "for any person to transport, carry, possess or have any alcoholic liquor in, upon or about any motor vehicle except in the original package and with the seal unbroken."

In accordance with Supreme Court Rule 323(c), a report of proceedings was filed which, briefly, discloses that the defendant stopped at a restaurant to pick up a pizza and while there, ordered a martini but did not finish drinking it; that as she drove home, a policeman observed her speeding and gave chase; that as the officer followed, defendant made a turn without engaging her directional signal; that the officer put his "Mars" light on for a second but turned it off when he noticed defendant turn into her driveway. He parked his squad car in the drive an ap-

proached defendant intending to warn her about the manner in which she had been driving. Upon reaching defendant's car, he asked for her drivers license and simultaneously noticed, on the seat between defendant and her passenger, a glass containing a clear liquid. The defendant was then arrested for violating the above quoted city ordinance.

At trial, the City called Officer Shelton who testified that he was trained and educated in the operation of a breathalizer machine and certified as an operator by the State of Illinois. Upon stating that he had examined the contents of the glass (herein after referred to as the exhibit), defense counsel entered an objection to the effect that the officer was not qualified to make an analysis of the exhibit. The objection was overruled and the court allowed the officer to testify that he placed the liquid from the glass into the breathalizer and "the needle of the machine flew off the card indicating the contents were alcoholic." On cross-examination he stated that he was not a chemist.

At the close of the case in chief, a motion to dismiss was denied and defendant then testified that she was not speeding, that she did engage her directional turn signals, and that she had had no knowledge of the presence of the exhibit in the car.

The court entered a finding of guilt and assessed a fine of $10, plus costs.

On appeal it is contended, (1) the arrest was invalid for the reason that the officer did not intend to arrest defendant when he approached her car, (2) the arrest was invalid because it occurred on private property, (3) the testimony of Officer Shelton (on the results of the breathalizer test) was incompetent, prejudicial evidence and its admission prevented the defendant from receiving a fair trial, and (4) the City failed to prove defendant guilty of the charge.

■■ Under the first contention, defendant argues (based upon *People v. Harr* (1968), 93 Ill.App.2d 146, that because the officer intended only to warn defendant of her traffic violations, not arrest her, the subsequent discovery of the exhibit and the resultant arrest were unlawful. (The record discloses no motion to suppress the exhibit in the trial court.) In *Harr*, the foundation for the arrest was bottomed upon mere suspicion. In the case before us, the officer had witnesses actual traffic violations. Regardless of the officer's intent at the time of approaching defendant, it is an unaltered fact that he then had reasonable grounds and authority to arrest. *People v. Miezio* (1968), 103 Ill.App.2d 398, 401; *People v. Krueger* (1968), 99 Ill.App.2d 431, 436.

■■ The arrest is not invalidated because the episode occurred on private property. Section 107—5(d) of the Code of Criminal Procedure [Ill. Rev. Stat. 1969, ch. 38, par. 107—5(d)] provides for the "entry into

any building or property or part thereof to make an authorized arrest." This has been interpreted to mean that where the basis for a valid arrest existed previously, the entry upon private property cannot defeat the arrest. (*People v. Johnson* (1970), 45 Ill.2d 283, 288.) Here, being lawfully present, the arresting officer saw the exhibit in open view. Seizure of an article in plain view does not constitute a search. *People v. Pickett* (1968), 39 Ill.2d 88, 95.

■■ Defendant claims prejudicial error in the trial court having allowed the results of the breathalizer test into evidence over objection. It is argued that the function of a breathalizer is to test the alcoholic content of blood by means of a person's breath, not to test liquid samples to ascertain the presence of alcohol. While we agree with defendant that a proper foundation was not laid for the introduction of this evidence, we are faced with the presumption that, in a bench trial, the judge will consider only competent evidence. To overcome this presumption it must be shown that the judge's decision was influenced by the incompetent evidence. *People v. Stewart* (1970), (Ill.App.) 264 N.E.2d 557, 559-560; *People v. Armstrong* (1967), 80 Ill.App.2d 77, 85.

■■ The record discloses that, aside from the testimony of the arresting officer, the trial court itself remarked that the liquid (preserved for trial) had the characteristic odor of alcohol. This fact stands unrebutted. Since the question here did not require a determination of the quantity of alcohol, the trial judge could (without regard to the breathalizer evidence) rely upon his own senses to establish the fact that the liquid did contain alcohol.

■■■ Finally, it is urged that the City failed to prove the charge in as much as the record is void of evidence to show that defendant had possession of the exhibit. For authority on this point defendant cites *People v. Millis* (1969), 116 Ill.App.2d 283. There the defendant was charged with "illegal possession of liquor (seal broken)" under a State statute. We find the case not in point in that the charge was possession of open liquor within a motor vehicle, which under a State statute, must necessarily be proved beyond a reasonable doubt. In the instant case the charge is that of transporting open liquor within a motor vehicle and violation of an ordinance must be proved by a clear preponderance of the evidence. (*City of Chicago v. Joyce* (1967), 38 Ill.2d 368, 373; *City of Rockford v. Maxwell* (1968), 92 Ill.App.2d 336, 340.) A review of the record before us discloses that by a clear preponderance of the evidence defendant was found guilty of the charge of transporting open liquor.

Judgment affirmed.

SEIDENFELD, P. J., and ABRAHAMSON, J., concur.