The People of the State of Illinois, Plaintiff-Appellee, *v.* John Wolski, Defendant-Appellant.

(No. 60523;

First District (4th Division)—April 9, 1975.

Russell Hirsch and William Wise, both of Chicago (Allan A. Ackerman, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., Barry Rand Elden, and Jerome C. Randolph, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE DIERINGER delivered the opinion of the court:

On October 19, 1973, the defendant, John Wolski, was found guilty of possession of less than 30 grams of marijuana at a bench trial in the Circuit Court of Cook County. He was sentenced to serve 10 days in the House of Correction on five consecutive week ends.

The issues on appeal are whether the defendant was found guilty beyond a reasonable doubt, and whether the substance taken was proved to be marijuana.

On March 30, 1973, Officer Robert Grace of the Maywood, Illinois Police Department went to the premises at 509 South 23rd Avenue, Bellwood, Illinois, pursuant to a search warrant. The defendant's mother opened the door, and he advised her he had a search warrant for the basement apartment occupied by the defendant. The defendant's mother informed the officer the defendant's brother was also living in the apartment. Officer Grace searched the apartment and discovered a substance he believed to be marijuana. It was confiscated and taken to the crime laboratory where it was conclusively found to be marijuana.

Officer Grace testified at trial that the defendant came to the Maywood Police Department "a couple of days" after the search warrant was executed. He informed him of his constitutional rights and told him what was found in the apartment. Wolski replied he had no knowledge it was there.

John Wolski testified in his own defense that he lived on the premises with his brother but had not been there for a period of three days beginning the day previous to the search. He also stated there were always a lot of people in and out of the apartment.

The defendant first contends he was not found guilty beyond a reason-

able doubt, citing the case of *People v. Bolden* (1968), 96 Ill.App.2d 129. In that case the defendant had been convicted of unlawful possession of a hypodermic needle which was found in the defendant's apartment when he was on the premises. The appellate court reversed based on the defendant's testimony that he knew nothing about the contraband, but that his wife was a narcotics addict. The court cited with approval the language of *People v. Connie* (1964), 52 Ill.App.2d 221, 228:

"The burden remained on the People to show that no one other than defendant was responsible for the presence of the narcotics."

In *People v. Dougard* (1959), 16 Ill.2d 603, the court stated it was the duty of the court to resolve all facts and circumstances in evidence on the theory of innocence rather than guilt if that can reasonably be done.

The State acknowledges that it must establish knowledge of the presence of narcotics on the part of the defendant and must also establish that the narcotics were in the immediate and exclusive control of the defendant (*People v. Nettles* (1961), 23 Ill.2d 306), but it maintains that the defendant can be in constructive possession of the contraband, and the rule which requires possession to be exclusive also allows the possession to be joint. *People v. Embry* (1960), 20 Ill.2d 331; *People v. Mack* (1957), 12 Ill.2d 151.

■■ However, in the case at bar, unlike *Embry, Mack,* and *Nettles,* there is no corroborating evidence linking the defendant to the contraband other than the bare fact that it was found in the apartment which he shares with his brother. In the case of *People v. Connie,* 52 Ill.App.2d 221, the court stated:

"The law, therefore, is that where narcotics are found on the premises under the control of defendant, this fact, in and of itself, gives rise to an inference of knowledge and possession by him, which may be sufficient to sustain a conviction for unlawful possession of narcotics, *absent other facts and circumstances which might leave in the mind of * * * the court, where a jury has been waived, a reasonable doubt as to his guilt.* [Emphasis ours.] *People v. Nettles,* 23 Ill.2d 306, 309, 178 NE 2d 361." 52 Ill.App.2d 221, 227.

The Illinois Supreme Court succinctly stated the general rule in the case of *People v. Bell* (1972), 53 Ill.2d 122:

"The requisite knowledge may be proved by evidence of acts, declarations or conduct from which it may fairly be inferred that the accused knew of the existence of the narcotics at the place they were found." 53 Ill.2d 122, 126.

■■ In the instant case there was no corroborating evidence associating

the defendant with the contraband, and it was uncontradicted that his brother also lived in the apartment and many other persons had access to the premises. Therefore, we believe the State did not sustain its burden of proof. Because of this holding we need not discuss the defendant's second contention.

For these reasons the judgment of the Circuit Court of Cook County is reversed.

Reversed.

BURMAN and JOHNSON, JJ., concur.