THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
EARL J. DAY, Defendant-Appellant.
Fourth District    No. 13980

Opinion filed July 5, 1977.—Modified on denial of rehearing September 12, 1977.

Richard J. Wilson and Daniel D. Yuhas, both of State Appellate Defender's Office, of Springfield, for appellant.

Edwin R. Parkinson, State's Attorney, of Jacksonville (James E. Hinterlong, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE CRAVEN delivered the opinion of the court.

Following a bench trial defendant Earl Day was found guilty of the offense of unlawful possession of more than 30 but less than 500 grams of

cannabis in violation of section 4(d) of the Cannabis Control Act (Ill. Rev. Stat. 1975, ch. 56½, par. 704(d)). He was sentenced to a term of imprisonment of not less than 1 nor more than 3 years.

The evidence established that on August 12, 1975, police officers stopped a car driven and owned by defendant containing six other passengers. According to the police, defendant and two others were in the front seat while four individuals were seated in the back. While defendant was being questioned about the malfunctioning of his car's taillight, the officers detected the odor of cannabis. They searched the car and discovered a large grocery bag containing what was later established as approximately 450 grams of cannabis. The bag was found on the floor beneath the legs of Kathryn Standley. She was seated next to the defendant in the middle of the front seat. Also, approximately 10.4 grams of cannabis were found in a small plastic bag in the glove compartment, one unsmoked marijuana cigarette was found in the back between the seat and the backrest, and some partially smoked marijuana cigarettes were found in the front ashtray.

Prior to trial, on the motion of the State, the indictments were dismissed against the other six defendants. At trial, Police Officers Leonard Shoemaker and James Hodge testified as to how defendant's car was stopped and how and where the substance believed to be cannabis was found. State criminologist Michael Galco testified that he tested the substances recovered from the glove compartment and the large bag in the front seat. He established by chemical analysis that they were cannabis. Defendant did not testify and was found guilty of possession as charged.

■■ The sole issue raised on appeal was whether the evidence was sufficient to convict defendant beyond a reasonable doubt. Defendant maintains that the evidence was insufficient to establish his actual, constructive or joint possession of the cannabis. A person's knowledge of the place or location of the substance alleged to be possessed is not the equivalent of possession. (*People v. Jackson* (1961), 23 Ill. 2d 360, 178 N.E.2d 320; *People v. Millis* (1969), 116 Ill. App. 2d 283, 252 N.E.2d 395.) In addition, proximity to the items at issue is not sufficient to show possession. (*Millis.*) To apply the doctrine of constructive possession, it must be shown that defendant had immediate exclusive control of the area or premises where the items allegedly possessed were situated. *People v. Mack* (1957), 12 Ill. 2d 151, 145 N.E.2d 609; *People v. Nettles* (1961), 23 Ill. 2d 306, 178 N.E.2d 361, *cert. denied*, 369 U.S. 853, 8 L. Ed. 2d 12, 82 S. Ct. 939.

■■■ Here there was insufficient evidence to establish that defendant exercised any sort of control over the grocery sack of marijuana found on the floor. As in *Millis* where we said that "[t]he beer cans on the front floor

of the car could have been the possession of any one of three persons" (116 Ill. App. 2d 283, 287, 252 N.E.2d 395, 397), the sack on the floor here could have belonged to someone other than defendant. His status as owner-driver of the vehicle does not put him into possession of everything within the passenger area when there are passengers present who may, in fact, be the ones in possession of the contraband.

In *People v. Boswell* (1974), 19 Ill. App. 3d 619, 312 N.E.2d 17, the evidence showed that cannabis was thrown from the front passenger's window in a car in which defendant, who was seated by that window, and three others, were passengers. The appellate court reversed defendant's conviction because proof of possession was supported only by assumption, conjecture and speculation. Even though the policeman saw the package being dropped from the window nearest defendant, "there is no way of ruling out the possibility that the package could have been disposed of by another occupant of the vehicle." (19 Ill. App. 3d 619, 621, 312 N.E.2d 17, 19.) In the present case, just as in *Boswell*, there is nothing to support a finding that defendant actually exercised control over the cannabis found in the sack on the floor. The same could be said for the one marijuana cigarette found in the back seat.

We need not consider the adequacy of the proof with respect to the marijuana found in the glove compartment. The trial court expressly found that the 10.4 grams found therein was not in defendant's possession. We accept that finding.

Finally, defendant's conviction cannot be sustained based on the butts found in the ashtray. While the police testified that they seized these items in the search believing them to be marijuana, there was no evidence to establish if they in fact were marijuana. Michael Galco did not testify that the items were tested or that they were marijuana. Without this evidence the State has not proven its case.

For the foregoing reasons, the judgment of the circuit court of Morgan County is reversed.

Reversed.

GREEN and MILLS, JJ., concur.