THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIAM L. UPMANN, Defendant-Appellant.

Second District   No. 77-70

Opinion filed February 28, 1978.

Gerald W. Moody, of West Chicago, for appellant.

John W. Cox, Jr., State's Attorney, of Galena (Phyllis J. Perko and Martin P. Moltz, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE WOODWARD delivered the opinion of the court:

Defendant, William Upmann, was involved in an auto accident on the evening of September 25, 1976. The other car drove on, leaving defendant's car off the road in a nearby field. Defendant was knocked unconscious. It was raining when he came to, so he stayed with the car until about 5 o'clock the next morning. At that time he walked to a nearby friend's house and later went to the hospital for his injuries. At about 7:30 on the morning after the accident, a policeman arrived at the scene of the accident. He found defendant's car unlocked and, while attempting to determine the owner, he found two open cans of beer. After later determining that defendant was the driver of the car, the policeman issued him citations for failure to reduce speed to avoid an accident (Ill. Rev. Stat. 1975, ch. 95½, par. 11—601(a)) and for illegal transportation of alcoholic liquor (Ill. Rev. Stat. 1975, ch. 95½, par. 11—502). In a bench trial, defendant was found not guilty of failure to reduce speed, and guilty of illegal transportation of liquor, although he denied having beer in the car. He was fined $25 and $10 court costs, and he appeals.

■■■ We need reach only the issue of whether defendant was proved guilty beyond a reasonable doubt. There is no question that defendant was not found in actual possession of the open beer cans. The State has therefore attempted to show constructive possession, in that defendant was the only person in the car until he left it the morning after the accident, and in that the policeman arriving on the scene found the open beer cans in the car. To prove constructive possession there must be a showing that defendant had immediate and exclusive control of the area where the items allegedly possessed were situated. (*People v. Millis* (1969), 116 Ill. App. 2d 283, 252 N.E.2d 395.) We do not believe the State has proved immediate and exclusive control. For about 2½ hours defendant's car sat unlocked near the roadside, where any person passing could have had access to it. In our view, a car unlocked for this amount of time in such a location and at that hour cannot be said to be in the immediate and exclusive control of defendant. Thus, defendant was not proved guilty beyond a reasonable doubt. The decision of the circuit court is accordingly reversed. ·

Reversed.

NASH and BOYLE, JJ., concur.