THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* KEVIN KAHL, Defendant-Appellant.

Fifth District   No. 76-225

Opinion filed August 29, 1978.

704

Michael J. Rosborough, of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Kelly D. Long, State's Attorney, of Hillsboro (Bruce D. Irish and John A. Clark, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE JONES delivered the opinion of the court:

A jury in the circuit court of Montgomery County found the defendant, Kevin Kahl, guilty of unlawful use of weapons, possession of a firearm without a valid firearm owner's identification card and illegal methods (uncased gun). Defendant was sentenced to the Adult Division of the Department of Corrections for a term of three months. Defendant raises the following issues on appeal: the trial court erred in not granting defendant a separate pretrial hearing on his motion to suppress; the trial court erred in not granting defendant's motion to suppress; it was improper to convict the defendant of both unlawful possession of a weapon and illegal methods where both offenses arose out of the same act; the trial court abused its discretion in sentencing defendant.

Defendant left his home in Witt at approximately 3 a.m. December 14, 1975, and proceeded to drive to Coffeen in the company of Connie Masters. Masters asked the defendant to drive her to a friend's home in Coffeen so she could inform her friend that the Nokomis police recovered her stolen coat. During this drive from Witt to Coffeen, the defendant removed a .357-caliber revolver from the glove compartment of his automobile and fired the weapon two times outside of the vehicle while it was moving. Defendant put the gun away at the insistence of Masters. It was placed in the console of the automobile between the front bucket seats. After locating the friend's home in Coffeen, defendant got his automobile stuck in a ditch as he backed into a driveway across the street. The vehicle was in a ditch which ran along Red Ball Trail, but it was not on the road. Masters then proceeded to her friend's home and left the defendant alone in his automobile. While at the Nokomis Police Department with her friend, Masters reported to Officer Kettlekamp that the defendant had a gun in his automobile and that he had fired the weapon in the country. This information was relayed to the police dispatcher at the Montgomery County jail. The dispatcher in turn telephoned this information to Chief Deputy Sheriff Moore. Moore was also informed of the identity of the informant.

Moore spotted the defendant in his automobile in the ditch along Red Ball Trail at approximately 5 a.m. Upon approaching the vehicle, Moore found the defendant asleep inside. Moore attempted to arouse the defendant when he noticed that the lid to the console was ajar. Due to his suspicions that the defendant had a loaded weapon in the vehicle, Moore opened the console and found a fully loaded .357 Ruger Security Six revolver, one speed loader containing six rounds and one speed loader containing four rounds. There is no evidence in the record to indicate that the items found were in the plain view of Moore prior to his lifting the lid on the console. Defendant was arrested and booked for having an uncased gun and for possession of a loaded firearm in a motor vehicle.

The arrest of the defendant as well as the search of his automobile were conducted without a warrant. During the booking process of the defendant, an inventory of his personal property revealed a firearm owner's identification card which had expired on November 22, 1973. At this point defendant was also placed under arrest for possession of a firearm without a valid firearm owner's identification card.

On the day the case was set for trial the defendant filed a written motion to suppress the introduction into evidence of the .357-caliber revolver, the two spring loaders, the rounds of ammunition removed from the gun and the speed loaders, and the invalid firearm owner's identification card on the grounds that Moore arrested the defendant without either a warrant or probable cause, thereby rendering the evidence seized the fruit of a warrantless search incident to an unlawful arrest. The trial court refused to grant the defendant a separate pretrial hearing on the motion to suppress and denied the motion.

■■ The defendant initially contends that the trial court should have granted a separate pretrial hearing on his motion to suppress. The defendant asserts that the written motion to suppress was filed before trial and was therefore timely. Section 114—12(c) of the Code of Criminal Procedure (Ill. Rev. Stat. 1977, ch. 38, par. 114—12(c)) states in part that a written motion to suppress "shall be made before trial unless opportunity therefor did not exist or the defendant was not aware of the grounds for the motion." Where a motion to suppress is brought after the cause has been called for trial it will be considered untimely. (*People v. Colon* (1st Dist. 1973), 9 Ill. App. 3d 989, 293 N.E.2d 468; *People v. Thomas* (5th Dist. 1969), 120 Ill. App. 2d 219, 256 N.E.2d 870, *cert. denied* (1971), 402 U.S. 996, 29 L. Ed. 2d 161, 91 S. Ct. 2178.) Defendant's motion to suppress was filed on the day trial was set and was presented to the trial court after 12 jurors were called but before *voir dire* had begun. This motion clearly should be considered untimely unless the defendant can demonstrate that he was not afforded an opportunity to present the motion or that he was not aware of the grounds for the motion until the cause was called for trial. In view of the fact that the defendant was granted a 30-day continuance from the date the trial was originally set and because it cannot be inferred from the record that the defendant was not aware of the grounds for the motion, we conclude that the trial court acted properly in denying the defendant a separate pretrial hearing on his motion to suppress.

The next issue the defendant raises is that the trial court erred in not granting the defendant's motion to suppress. Defendant sought to suppress the items seized from his automobile as well as the firearm owner's identification card seized from the defendant during the booking process on the grounds that the evidence was obtained without either a

valid search warrant or being incident to a lawful arrest. The defendant asserts that the warrantless arrest of the defendant was unlawful because the officer making the arrest lacked probable cause. The defendant attributes this absence of probable cause to the failure of the officer to independently verify information received by an informant, Connie Masters, that the defendant had engaged in unlawful activity.

■■ A police officer has the requisite probable cause to effect a valid, warrantless arrest pursuant to information received from an informer if the officer is aware of underlying circumstances sufficient to establish the credibility of both the tip and the informant. (*Aguilar v. Texas* (1964), 378 U.S. 108, 12 L. Ed. 2d 723, 84 S. Ct. 1509.) Connie Masters reported to the Nokomis police that she saw the defendant fire a revolver outside of his automobile and that he had the gun with him in his vehicle. The first prong of *Aguilar* (a showing of underlying circumstances from which the police could conclude that the content of a tip was reliable) has been met here where the tip relied on by Moore in arresting the defendant was based on an eyewitness account. Where information is supplied by an ordinary citizen, rather than a professional informant, the second prong of *Aguilar* (a showing of the underlying circumstances from which police could conclude that the informant was personally credible) is satisfied. (*People v. Hoffman* (1970), 45 Ill. 2d 221, 258 N.E.2d 326, *cert. denied* (1970), 400 U.S. 904, 27 L. Ed. 2d 141, 91 S. Ct. 142; *People v. Hester* (1968), 39 Ill. 2d 489, 237 N.E.2d 466.) Connie Masters was not a paid informant and received no favors or benefits in exchange for her information. Thus, the second prong of *Aguilar* has been met in this case as well.

■■ The defendant argues that the fact that Connie Masters was a private citizen does not suspend the requirement that the information received must be independently verified by the arresting officer. There is no requirement of independent corroboration on the part of a police officer to establish probable cause where the officer acts on the basis of a tip received from an identified, ordinary citizen who is either the victim of a crime or an eyewitness to one. (*People v. Martin* (1st Dist. 1977), 46 Ill. App. 3d 943, 361 N.E.2d 595.) Independent corroboration is not a requirement in addition to proof of the informant's reliability. Rather, independent corroboration is a method of establishing probable cause where the reliability of the informant cannot be established. As stated in *Spinelli v. United States* (1969), 393 U.S. 410, 415, 21 L. Ed. 2d 637, 643, 89 S. Ct. 584, 588, "If the tip is found inadequate under *Aguilar*, the other allegations which corroborate the information contained in the hearsay report should then be considered."

■■ Defendant also asserts that probable cause was lacking because the arresting officer acted on hearsay because he did not personally speak to

the informant. It is well settled that an officer of the law is entitled to act on information received through official police channels. (*People v. Walker* (5th Dist. 1977), 45 Ill. App. 3d 627, 360 N.E.2d 64; *People v. Evans* (2d Dist. 1975), 32 Ill. App. 3d 865, 336 N.E.2d 792; *People v. Wrona* (3d Dist. 1972), 7 Ill. App. 3d 1, 286 N.E.2d 370.) The information upon which Moore acted was relayed to him via the police dispatcher at the Montgomery County jail. It was reasonable for Moore to act upon that information in arresting the defendant. For the foregoing reasons, we hold that the trial court did not err in denying the defendant's motion to suppress.

■■ Another contention the defendant makes, which is not disputed by the State, is that the defendant should not have been convicted of the charge of illegal methods on the ground that it is a lesser included offense to the charge of unlawful use of weapons upon which he was also convicted. In Illinois, an included offense is one which "[i]s established by proof of the same or less than all of the facts or a less culpable mental state (or both), than that which is required to establish the commission of the offense charged * * *." (Section 2—9 of the Criminal Code of 1961 (Ill. Rev. Stat. 1977, ch. 38, par. 2—9).) This statute has been interpreted to require that an offense is a lesser included offense only if the greater offense charged contains all of the elements of the lesser included offense plus some additional elements. *People v. Shoemaker* (5th Dist. 1975), 31 Ill. App. 3d 724, 334 N.E.2d 347; *People v. Lyons* (5th Dist. 1974), 26 Ill. App. 3d 193, 324 N.E.2d 677, *cert. denied* (1975), 423 U.S. 1036, 46 L. Ed. 2d 410, 96 S. Ct. 570; *People v. Higgins* (5th Dist. 1967), 86 Ill. App. 2d 202, 229 N.E.2d 161.

■■ Under the charge of illegal methods, it is unlawful to "have or carry any shotgun, rifle, pistol, revolver or airgun in or on any vehicle, conveyance or aircraft, unless such shotgun, rifle, pistol, revolver or airgun is unloaded and enclosed in a case * * *." (Section 2.33(n) of the Game Code of 1971 (Ill. Rev. Stat. 1977, ch. 61, par. 2.33(n)).) To effect a conviction of the defendant on the charge of illegal methods the State had to prove that the defendant possessed a loaded revolver in his automobile. With respect to the offense of unlawful use of weapons, a person commits that offense when he "Knowingly * * * [c]arries or possesses in a vehicle or on or about his person within the corporate limits of a city, village, or incorporated town, except when on his land or in his own abode or fixed place of business, any loaded pistol, revolver, * * * or other firearm." (Section 24—1(a)(10) of the Criminal Code of 1961 (Ill. Rev. Stat. 1977, ch. 38, par. 24—1(a)(10)).) To achieve defendant's conviction on the charge of unlawful use of weapons, the State had to prove not only that the defendant possessed a loaded revolver in his automobile, but also that the possession of the loaded revolver was within the corporate limits of a city at a place other than the defendant's home or fixed place of business. All the elements

which the State relied on in proving the offense of illegal methods (the defendant's possession of a loaded revolver in an automobile) were also relied on to prove up the charge of unlawful use of weapons. The State also used additional elements (possession of a loaded revolver within the corporate limits of a city at a place other than one's abode or fixed place of business) in proving up the latter charge. We therefore find that under the facts of this case the charge of illegal methods is a lesser included offense to the charge of unlawful use of a weapon.

A person can be convicted for multiple offenses arising out of the same series of incidental or closely related acts but a person cannot be convicted of a greater offense and a lesser included offense under those circumstances. (*People v. King* (1977), 66 Ill. 2d 551, 363 N.E.2d 838, *cert. denied,* ___ U.S. ___, ___ L. Ed. 2d ___, 98 S. Ct. 273.) Both charges against the defendant arose out of his possession of a loaded revolver in his automobile. Therefore, defendant's conviction for the lesser included offense of illegal methods was improper and must be reversed.

■■ The final issue brought by defendant on appeal is that the trial court abused its discretion in denying defendant's application for probation and sentencing him to three months in jail. Relying on *People v. Hill* (5th Dist. 1973), 14 Ill. App. 3d 20, 302 N.E.2d 373, the defendant contends that the trial court gave undue consideration to the defendant's prior conduct, particularly his conviction for reckless conduct, and sentenced the defendant on the belief that he had not been sufficiently punished on his earlier conviction of reckless conduct. In *Hill*, the defendant was convicted of contributing to the sexual delinquency of a child. The defendant was 66 years old, steadily employed and had no prior criminal record at the time of the offense. The trial court commented before passing sentence that the defendant might have been tried for a felony instead of a misdemeanor. These comments were held to constitute an improper basis for setting the defendant's sentence in view of the fact that he was not charged or convicted of a felony.

In the present case, the trial court considered evidence of the defendant's prior criminal conduct. The defendant was convicted of disorderly conduct in 1973 as a result of brandishing an unloaded shotgun in the face of a service station operator. In 1974 the defendant was convicted of reckless conduct. This offense also involved the use of a firearm in which the defendant fired a .357-caliber revolver at a tavern. The bullet passed through the front wall of the tavern and out the back wall, narrowly missing a person inside the building.

This case is distinguished from *Hill* on the basis of the relevancy of the evidence considered by the trial court in passing sentence with respect to the possibility of the defendant committing another offense and whether the rehabilitation of the defendant would require the penalty received. In

*Hill,* the possibility that the defendant might have been charged with a felony had no bearing on whether he would commit another offense or on whether the sentence he received would foster rehabilitation. Consequently, it was an improper basis for passing sentence. In this case, however, prior convictions were highly relevant. These convictions involved the use of firearms and occurred within a short time of the offenses the defendant was being sentenced for, thus suggesting a propensity on the part of the defendant to use weapons in a violent manner. Such a propensity is highly relevant to the issue of whether the defendant will commit another offense. Additionally, where the prior convictions and the present convictions occurred within approximately two years of each other and all involved the use of firearms, such evidence is highly relevant in ascertaining whether jail or probation would aid in rehabilitating the defendant.

The defendant also contends that the trial court sentenced the defendant on the belief that the penalty imposed on the defendant for his conviction of reckless conduct had not been sufficient. Our reading of the record does not reveal this. Rather, the trial court engaged in a proper inquiry into the defendant's past criminal record to determine his potential to commit further offenses and to be rehabilitated. We hold that the trial court did not abuse its discretion in sentencing the defendant to three months in jail.

The State asserts that the record is unclear as to whether the sentence imposed was for the unlawful use of weapons or the possession of a firearm without a valid firearm owner's identification card. Consequently, the State asks that the cause be remanded for the imposition of a sentence on the remaining offense. We disagree. It can be inferred from the record that the trial court intended concurrent three-month sentences for both offenses. The fact that we reversed the conviction of the defendant for illegal methods does not affect the sentence imposed in any way. Illegal methods is a petty offense punishable only by fine. Sections 2.33, 3.5 of the Game Code (Ill. Rev. Stat. 1977, ch. 61, pars. 2.33, 3.5), section 5—1—17 of the Unified Code of Corrections (Ill. Rev. Stat. 1977, ch. 38, par. 1005—1—17).

For the reasons stated above, we affirm the conviction and sentencing of the defendant for unlawful use of weapons and possession of a firearm without a valid firearm owner's identification card, and we reverse the conviction of illegal methods.

Reversed in part; affirmed in part.

G. J. MORAN and KARNS, JJ., concur.